IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| ANDRIS WRIGHT, #297235, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:09-379-HMH-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| GLENN STONE, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Andris Wright ("Wright"), is an inmate at the South Carolina Department of Corrections serving a sentence of ten (10) years imprisonment for possession of marijuana with intent to distribute. Wright filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on February 13, 2009. Respondent filed a return and motion for summary judgment on July 20, 2009. Because Wright is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 21, 2009 advising him of his responsibility to respond to the motion for summary judgment. Wright filed his response to the motion on October 9, 2009.

## **Background and Procedural History**

On the night of February 9, 2003, Wright had a flat tire. Officer Jenkins of the Rock Hill Police Department stopped to assist. The officer detected an order of alcohol on Wright. When Wright attempted to retrieve his driver's licence from the vehicle, Officer Jenkins saw a set of scales.

1

During a pat down search of Wright, Jenkins discovered a plastic bag containing 38.3 grams of marijuana. Officer Jenkins arrested Wright.

Wright was represented by the York County Public Defender's Office. Counsel moved to suppress the results of the search as a violation of the Fourth Amendment. A suppression hearing was held on September 18, 2003 (ROA 1). The Court took the motion under advisement. Prior to commencement of trial on September 23, 2003, the Court denied the motion to suppress citing United States v. Sakyi, 160 F.3d 164, 165-166 (4th Cir. 1998) ("[B]ecause the officer had an objectively reasonable suspicion of criminal activity and a legitimate concern about his own safety, he acted lawfully under the Fourth Amendment in 'patting down' the passenger", citing Terry v. Ohio, 392 U.S. 1 (1968)). (ROA 31). At the ensuing trial, Wright was convicted of possession of marijuana with intent to distribute, but found not guilty of possession of marijuana with intent to distribute within close proximity of a school.

A direct appeal was filed through the South Carolina Office of Appellate Defense raising the following issue:

> The trial judge erred in denying appellant's motion to suppress the drugs found in the case because the search and seizure conducted by police constituted a fourth amendment violation.

Wright's conviction was affirmed by the South Carolina Court of Appeals. *See* State v. Wright, Op.No. 2005-UP-493 (Ct.App. filed August 22, 2005).

Wright filed an application for post-conviction relief ("PCR") on February 9, 2006. He was represented by Jeremy Canipe, Esquire. An evidentiary hearing was held on February 13, 2007. Trial counsel, appellate counsel, and Wright testified. The PCR court issued an order of dismissal

on February 16, 2007. A Johnson[1] petition for writ of certiorari was filed in the South Carolina Supreme Court raising the following issue:

> Did trial counsel provide ineffective assistance of counsel by deciding not to offer expert testimony on the legal uses of the carburetor scales found by the investigating officer while would have resulted in the development of evidence that would have given rise to reasonable doubt?

Pursuant to state procedure, Wright filed a *pro se* response in the South Carolina Supreme Court on July 18, 2008 captioned "Petition for Writ of Certiorari"[2] raising the following issues:

> Did the PCR Judge err in not granting Petitioner relief on ineffective assistance of counsel for the 4th Amendment violation on failure to object on specific issue?
>
> Did the PCR Court err in not granting Petitioner relief on ineffective assistance of counsel for not bringing to the Court's attention that the marijuana was not brought to and presented to the Court at the suppression hearing and ruled as evidence at trial?
>
> Did the PCR Court err in not granting Petitioner relief on subject matter jurisdiction by counsel being ineffective for failure to object to the main issue? Petitioner contends that the Court lacks jurisdiction over him for the following reasons and that counsel failed to litigate these issues. Petitioner contends that the evidence is insufficient (due process) to support the indictment and the indictment is defective because the "drug quantity" was not in the body of the indictment and no statutory subsection and was unlawfully amended. Issues related to subject matter jurisdiction may be raised at any time. Brown v. State, 320 S.C. 366, 465 S.E.2d 358.

The petition for writ of certiorari was denied by order of the South Carolina Supreme Court dated January 8, 2009.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988); *see also* Anders v. California, 386 U.S. 738 (1967).

[2] This pleading is a part of the record submitted by Respondent in support of the motion for summary judgment. On March 12, 2009, Wright filed a copy of this pleading in this Court (Court Docket No. 9). It was docketed as a motion in this action by the Clerk of Court. The Clerk is directed to correct this entry on the docket and to file it as part of the record in this case.

3

**Grounds for Relief**

In his present petition, Wright asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Conviction obtained pursuant to an unconstitutional search and seizure and counsel was ineffective for not raising.

**Ground Two:** Conviction obtained by use of evidence obtained pursuant to an unlawful arrest and counsel was ineffective for not raising.

**Ground Three:** Conviction obtained by counsels ineffectiveness for not objecting to unlawful amendment.

**Ground Four:** Ineffective assistance of counsel.

**Discussion**

1. **Fourth Amendment**

Wright appears to assert in his first two claims quoted above that the search which resulted in the seizure of the marijuana and his subsequent arrest violated his right to privacy under the Fourth Amendment. Insofar as Wright makes such a claim it is not cognizable on habeas review.

Stone v. Powell, 428 U.S. 465, 482 (1976) precludes a federal court from granting habeas relief on an alleged Fourth Amendment violation if "the State has provided a full and fair litigation" of the claim. Shortly after Stone was decided the Fourth Circuit stated the appropriate framework for the District Courts to employ when considering a Fourth Amendment claim in a §

4

2254 petition:

> "[A] district court..., should, under <u>Stone v. Powell</u>, first inquire as to whether or not the petitioner was afforded an opportunity to raise his Fourth Amendment claims under the then existing state practice.

> \*          \*          \*

> Second,...when the district court has made the 'opportunity' inquiry, it need not inquire further into the merits of petitioner's case, when applying <u>Stone v. Powell</u> unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired."

<u>Doleman v. Muncy</u>, 579 F.2d 1258, 1265 (4th Cir. 1978). *See also* <u>Mueller v. Angelone</u>, 181 F.3d 557, 570 n. 8 (4th Cir. 1999).

While "<u>Stone v. Powell</u>, marked for most practical purpose, the end of federal court reconsideration of Fourth Amendment claims by way of habeas petitions where petitioner has the opportunity to litigate those claims in state court", <u>Grimsley v. Dodson</u>, 696 F.2d 303, 304 (4th Cir. 1982), claims of ineffective assistance of counsel in litigating those claims in state court may be raised and are cognizable in the § 2254 petition. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 382-383 (1986).

Review of the record shows that Wright had a full and fair opportunity to raise his Fourth Amendment claims in state court. Pursuant to counsel's pretrial motion, a suppression hearing was held a week before the trial. (ROA 1). The arresting officer who conducted the search testified and was subjected to rigorous cross-examination. Counsel argued that there was no reasonable suspicion that a crime had been committed, and therefore investigative detention was not justified. Counsel further argued that even if temporary detention was justified, there was insufficient evidence for a "pat down" search pursuant to <u>Terry v. Ohio</u> (ROA 13-14). The court took the matter under advisement, and eventually denied the motion to suppress. (ROA 31). The issue was raised on direct

5

appeal and rejected by the South Carolina Court of Appeals.

Wright has not alleged that he did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court. Nor does he assert that his opportunity to litigate his claim was impaired. His allegations that counsel was ineffective in litigating the claim are discussed below.

**2. Ineffective Assistance of Counsel**

Since Wright filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.

\* \* \*

> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

7

* * *

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

### a. Suppression Hearing

Wright asserts that his counsel was ineffective with respect to the suppression hearing. Although it is not entirely clear from the petition and the Roseboro response, Wright appears to assert that counsel failed (1) to ask the arresting officer why he did not require Wright to perform a field sobriety test to confirm intoxication based on the odor of alcohol, and (2) to require the State to establish the chain of custody and place the marijuana into evidence at the suppression hearing. Wright testified as to these claims in what the PCR court described as "a jumbled and disjointed presentation." (Tr. 74-75 and 80-81). The PCR court found that trial counsel moved to suppress the results of the search and rejected Wright's claims of ineffective assistance of counsel applying Strickland. Wright's arguments are that (1) an officer investigating a disabled motorist who had been consuming alcohol is required to subject the suspect to a field sobriety test before asking to see the

driver's license and (2) the State is required, at a suppression hearing, to enter the contraband into evidence by establishing a chain of custody. Wright cites no authority for these arguments.

### b. Subject Matter Jurisdiction/Indictment

Wright makes several confusing arguments about the sufficiency of the indictment and the courts lack of subject matter jurisdiction.[3] In Ground 3 of the present petition, Wright argues that counsel was ineffective for failing to object to an amendment of the indictment. There is nothing in the record to indicate that the indictment was amended.

The due process clause of the United States Constitution requires only that a defendant be given sufficient notice of the charges prior to trial. Cole v. Arkansas, 333 U.S. 196 (1948). It does not require a formal arraignment. It is clear that the requirement of Grand Jury indictment contained in the Fifth Amendment to the United States Constitution does not apply to the states. Wilson v. Lindler, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), *cert. denied*, 510 U.S. 1131 (1994) and U.S. v. Floresca, 38 F.3d 706, 709 n.5 (4th Cir. 1994). This rule allows states to prosecute felony cases by information as opposed to grand jury indictment. Hurtado v. California, 110 U.S. 516, 538 (1884); Wilkerson v. Whitley, 28 F.3d 498, 502-3 (4th Cir. 1994) (en banc); and Minner v. Kerby, 30 F.3d 1311, 1317-18 (10th Cir. 1994). Under South Carolina law, "(t)he indictment is a notice document." State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (S.C. 2005) (drawing a distinction between sufficiency of indictment and subject matter jurisdiction).

The criminal jurisdiction of the Circuit Courts in South Carolina is established by Article V,

---

[3]There were two indictments in the case, one for possession of marijuana with intent to distribute and the other for possession of marijuana with intent to distribute within close proximity of a school. Wright was found guilty on the former and not guilty on the latter. The PCR court found that any claim not related to the indictment of conviction was moot.

9

§ 11 of the South Carolina Constitution ("The Circuit Court shall be a general trial court with original jurisdiction in ...criminal cases"). Subject matter jurisdiction is the authority of a court to hear and determine cases of the general class to which the proceedings in question belong. Dove v. Gold Kist, Inc., 442 S.E.2d 598 (S.C. 1994) and State v. Gentry, 610 S.E.2d at 498. The Circuit Court gains subject matter jurisdiction in a criminal case in one of three ways: "(1) the grand jury true bills an indictment which sufficiently states the offense; (2) the defendant waives presentment in writing; or (3) the offense is a lesser included offense of a crime adequately charged in a true bill of indictment." State v. Gonzales, 600 S.E.2d 122, 124 (Ct. App. 2004).

A court's jurisdiction over the subject matter of a proceeding before it is fundamental. A party may raise lack of subject matter jurisdiction at any time, including on appeal for the first time. Further, the court may raise the issue *sua sponte*. Lack of subject matter jurisdiction may not be waived by the parties. Brown v. State, 540 S.E.2d 846 (S.C. 2001). The acts of a court which lacks subject matter jurisdiction are void. State v. Funderburk, 191 S.E.2d 250 (S.C. 1972).

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. *See* Pulley v. Harris, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

The PCR court applied those principles and concluded that there was no basis for counsel to

10

object to the indictment.[4]

Wright's further argument appears to be that the trial court's jury instruction that possession of more than 28 grams of marijuana would allow a "permissive inference" that the possession was with the intent to distribute (ROA 154-155), amounted to an amendment of the indictment to which his attorney should have objected. Wright does not appear to argue that the jury instruction was erroneous. Indeed, the instruction comports with the instruction recommended by the South Carolina Court of Appeals. *See* State v. Andrews, 324 S.C. 516, 479 S.E. 2d 808, 814 (Ct.App. 1997). The statute under which Wright was indicted, S.C.Code Ann. § 44-53-370, unlike the parallel federal statute, does not provide for increased penalties for larger amounts of the drugs possessed with intent to distribute. Thus, the amount of marijuana is not an element of the offense which has to be alleged in the indictment under Apprendi v. New Jersey, 530 U.S. 466 (2000), and similar cases. Wright has not shown that the charge given by the trial court was objectionable. It follows, therefore, that he has not shown his attorney committed error.

### c. Chain of Custody

Wright alleges that his trial counsel was ineffective for not challenging the admission of the marijuana into evidence based on "the chain of custody of the evidence." (*See* Ground 4 of the Petition). Wright testified on this issue at the PCR hearing. (*See* Tr. 81-82). The PCR court included this testimony, relating to "evidence tampering" and "chain of custody requirements" in its description of Wright's "jumbled and disjointed presentation." The court concluded that "(n)one of this testimony added evidence of any gravity to his application and none evinced any ineffectiveness of trial counsel.

---

[4]A copy of the indictment is a part of the record. (ROA 121).

Under South Carolina law:

"[A] party offering into evidence fungible items such as drugs or blood samples must establish a complete chain of custody as far as practicable." State v. Sweet, 374 S.C. 1, 6, 647 S.E.2d 202, 205 (2007). When "the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis." Benton v. Pellum, 232 S.C. 26, 33-34, 100 S.E.2d 534, 537 (1957) (quoting Rodgers v. Commonwealth, 197 Va. 527, 90 S.E.2d 257, 260 (1955)). However, each person who handled the evidence is not required to testify. Sweet, 374 S.C. at 7, 647 S.E.2d at 206. When "other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling of the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness." *Id.* Nevertheless, evidence is inadmissible under this rule when the offering party omitted a link in the chain of possession by failing to establish the identity of each custodian at least as far as practicable. State v. Governor, 362 S.C. 609, 612, 608 S.E.2d 474, 475 (Ct.App.2005).

State v. Hatcher, 384 S.C. 372, 375-376, 681 S.E.2d 925, 927 (S.C.App., 2009) (footnote omitted).

The record shows that Wright's claim that his attorney was ineffective for failing to object to the introduction of the marijuana at trial based on the Statute's failure to establish the chain of custody is frivolous. The State did, in fact, establish a complete chain of evidence by presenting as witnesses all individuals who handled the marijuana.[5] Further, Wright's trial attorney testified at the PCR hearing that the chain of custody was not an issue because the defense presented was that Wright possessed the marijuana, but it was for his personal use, and not distribution to others.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for

---

[5]*See* Trial testimony of arresting officer Robert Jenkins who initially seized the marijuana and turned it over to Jim Lubben of the York County Multijurisdictional Drug Enforcement Unit who kept it in an evidence locker at the Rock Hill Police Department until it was retrieved by Gary Rollins of the York County Sheriff's Department who turned it over to Cynthia McCorkle, a chemist who tested the marijuana and maintained it under her control until it was brought to court for evidence at trial. The testimony addressed changes in condition of the packaging of the marijuana which occurred during the process.

summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

                                                            _____
                                                            Joseph R. McCrorey
                                                            United States Magistrate Judge

November 9, 2009
Columbia, South Carolina

                    **The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).