IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Andris Wright, #297235, | ) |
| | ) |
| Petitioner, | ) C.A. No. 3:09-379-HMH-JRM |
| | ) |
| vs. | ) **AMENDED OPINION & ORDER** |
| | ) |
| Glenn Stone, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Andris Wright ("Wright"), proceeding pro se, filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 13, 2009. In his Report and Recommendation, Magistrate Judge McCrorey recommends granting the Respondent's motion for summary judgment. For the reasons set forth below, the court adopts the magistrate judge's Report.

### I. Factual And Procedural Background

At approximately 1:45 a.m. on February 9, 2003, Robert Jenkins, an officer with the Rock Hill Police Department, stopped to assist Wright because he had a flat tire. (Resp't Mem. Supp. Summ. J. Exs. (R. at 45, 54-55).) The officer smelled alcohol on Wright and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

requested to see Wright's driver's license. (Id. Exs. (R. at 46).) As Wright was retrieving his driver's license, the officer observed a set of scales in the vehicle. (Id. Exs. (R. at 46).) During a subsequent pat down search, the officer discovered 38.3 grams of marijuana in a plastic bag. (Id. Exs. (R. at 48).) Wright was arrested and charged with possession with intent to distribute marijuana and possession with intent to distribute marijuana in close proximity of a school.

Wright's counsel moved to suppress the search under the Fourth Amendment. After a suppression hearing on September 18, 2003, the court took the motion under advisement. Prior to the start of the trial on September 23, 2003, the court denied the motion. Subsequently, Wright was convicted of possession with intent to distribute marijuana and sentenced to ten years' imprisonment and he was found not guilty of possession with intent to distribute marijuana in close proximity of a school. Wright appealed to the South Carolina Court of Appeals alleging that "the trial judge erred in denying appellant's motion to suppress the drugs found in the case because the search and seizure conducted by police constituted a fourth amendment violation." (Id. Exs. (Appellant's Br. at 4).) On August 22, 2005, the South Carolina Court of Appeals affirmed Wright's conviction. Subsequently, Wright filed an application for post-conviction relief ("PCR") on February 9, 2006. (Resp't Mem. Supp. Summ. J. Exs. (PCR Application).) An evidentiary hearing was held on February 13, 2007, at which Wright was represented by counsel. On February 16, 2007, the PCR court entered an order of dismissal with prejudice. (Id. Exs. (Order of Dismissal ).)

On May 11, 2008, appellate counsel filed a Johnson petition for writ of certiorari raising the following issue: "Did trial counsel provide ineffective assistance of counsel by

deciding not to offer expert testimony on the legal uses of the carburetor scales found by the investigating officer while [sic] would have resulted in the development of evidence that would have given rise to reasonable doubt?" (Id. Exs. (Johnson Pet. Writ. Cert. 3)).) On July 15, 2008, Wright filed a pro se petition for writ of certiorari raising the following issues:

> Did the PCR Judge err in not granting Petitioner relief on ineffective assistance of counsel for the 4th Amendment violation on failure to object on specific issue?
> Did the PCR Court err[] in not granting Petitioner relief on ineffective assistance of Counsel, for not bringing to the Court's attention that the marijuana was not brought to and[] presented to the Court at the suppression hearing and ruled as evidence at Trial?
> Did the PCR Court err[] in not granting Petitioner relief on Subject Matter Jurisdiction by Counselor being ineffective for failure to object to the main issue? The Petitioner contends that, the Court lacks jurisdiction over him for the following reasons, and that counsel failed to litigate these Issues. The Petitioner contends that the evidence is insufficient (due process) to support the indictment and the indictment is deffective [sic] because the "Drug Quantity" was not in the body of the indictment and no statutory subsection and was unlawfully amended. Issues related to Subject Matter Jurisdiction may be raised at any time.

(Id. Attach. 7 (Pro Se Pet. for Writ of Cert., generally).) On January 8, 2009, the South Carolina Supreme Court denied the petition for writ of certiorari. (Id. Exs. (Jan. 8, 2009 Order).)

Wright filed the instant § 2254 petition on February 12, 2009,[2] alleging that his "[c]onviction [was] obtained pursuant to an unconstitutional search and seizure" and ineffective assistance of counsel for failure to properly challenge the unconstitutional search and seizure and failure to object to "unlawful amendment." (Wright § 2254 Pet., generally.) Respondent filed a motion for summary judgment on July 20, 2009. Wright filed a memorandum in

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

3

opposition to Respondent's motion for summary judgment on October 9, 2009. Magistrate Judge McCrorey recommends granting Respondent's motion for summary judgment. Wright filed objections on November 23, 2009.[3]

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

---

[3] Id.

4

## B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Wright has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Wright's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Wright filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Wright's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court has identified three specific objections. Wright argues that (1) his Fourth Amendment claim is cognizable because he did not have a full and fair opportunity to raise his Fourth Amendment claim in state court; (2) his counsel was ineffective in failing to ask the arresting officer why he did not administer a field sobriety test; and (3) his counsel was ineffective for failing to require that the prosecution establish the chain of custody during trial. (Objections, generally.)

Wright objects that his Fourth Amendment claim is cognizable because he did not have a full and fair opportunity to raise his Fourth Amendment claim in state court. (Id. 1.) The United States Supreme Court held in Stone v. Powell, 428 U.S. 465, 482 (1976), that a federal court cannot grant habeas relief based on a Fourth Amendment violation if "the State has provided an opportunity for full and fair litigation" of the issue. When evaluating a § 2254 petition, first "a district court . . . should . . . inquire as to whether or not the

petitioner was afforded an opportunity to raise his Fourth Amendment claims under the then existing state practice." Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978). Second, "when the district court has made the 'opportunity' inquiry, it need not inquire further into the merits of petitioner's case . . . unless the prisoner alleges something to indicate that his opportunity for a full and

fair litigation of his Fourth Amendment claim or claims was in some way impaired." Id.

Wright contends that he did not have a full and fair opportunity to raise his Fourth Amendment claim because the marijuana was not produced during the suppression hearing. (Objections 2.) Further, Wright alleges that he was not notified of the suppression hearing and, as a result, was not present at the hearing. (Id.) Citing Rule 43(b)(1) of the Federal Rules of Criminal Procedure, Wright submits that his due process rights were violated. As an initial matter, Wright's claim that he did not have a full and fair opportunity to litigate this claim because the marijuana was not produced at the hearing is wholly without merit. The issue before the court was a pretrial motion seeking to suppress evidence obtained during the search. Therefore, the court was only concerned with whether the search was proper, not whether Wright was guilty of the charged offenses. In addition, the Federal Rules of Criminal Procedure are inapplicable to Wright. Moreover, Wright provides no evidence other than his own conclusory allegations that he was not notified of the hearing. There is no indication in the transcript that Wright was not present. Further, in his memorandum in opposition to Respondent's motion for summary judgment, Wright states,

> [t]he Petitioner content that he has no trandscrip [sic] if a suppression hearing on 9/19/03 and that he was present on the 9/18/03 and on the trial date of 09/23/03 with trandscrips [sic]. The Petitioner assert that if there was a suppression

7

> hearing on the 9/19/03 he do not know what was raise and what was ruled on base[d] on the fact the Petitioner was not there.

(Wright Mem. Opp'n Mot. Summ. J. 16.) A review of the transcript reveals that a hearing was held on September 18, 2003, during which trial counsel competently argued in favor of the motion to suppress and thoroughly cross-examined the arresting officer. There is no evidence that any hearing was held on September 19, 2003. Therefore, this argument is wholly without merit because Wright concedes that he was present during the hearing on September 18, 2003.

The trial court denied the motion to suppress citing <u>United States v. Sakyi</u>, 160 F.3d 164, 165-166 (4th Cir. 1998), wherein the Fourth Circuit, citing <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), held that "because the officer had an objectively reasonable suspicion of criminal activity and a legitimate concern about his own safety, he acted lawfully under the Fourth Amendment in 'patting down' the passenger." (Resp't Mem. Supp. Summ. J. (R. at 31).) Moreover, in addition to the suppression issue being fully considered by the trial court, Wright raised the suppression claim on direct appeal and the court of appeals dismissed the claim. This claim was fully and fairly considered by the trial court and the appellate court. Based on the foregoing, the court finds that this objection is without merit. Further, even if this claim were cognizable in this habeas petition, the court finds after review of the record, that the state court's decision to deny relief on this claim was not a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d).

Wright objects to the magistrate judge's recommendation to dismiss his ineffective assistance of counsel claims based on counsel's failure to ask the arresting officer during the suppression hearing why he did not administer a field sobriety test. (Objections 5.) The magistrate judge recommends dismissing this claim because there is no authority for this argument.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Tucker must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Wright must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Wright's counsel filed a motion to suppress the marijuana obtained during the pat down of Wright. However, Wright objects that his counsel failed to determine why a field sobriety test was not administered and that had this question been asked, "the outcome would have been different." (Objections 5.) This objection is without merit. In his objections, Wright cites State v. Woodruff, 544 S.E.2d 290 (S.C. Ct. App. 2001), and S.C. Code Ann. § 56-5-2950 to support his position that "a test of field sobriety must be given if there is a reasonable suspicion of alcohol." (Objections 5.) Wright alleges that Woodruff requires that "when an officer has reasonable suspicion that initiate an investigation he must confirm it."

9

(Id. 5.) Woodruff states that a "police officer may stop and briefly detain and question a person for investigative purposes, without treading upon his Fourth Amendment rights, when the officer has a reasonable suspicion supported by articulable facts, short of probable cause for arrest, that the person is involved in criminal activity." 544 S.E.2d at 295. This case does not support the proposition that under the present facts, the officer was required to conduct a field sobriety test to determine whether Wright was intoxicated. The officer stopped to assist Wright with a flat tire and smelled alcohol. (Resp't Mem. Supp. Summ. J. Exs. (R. at 45, 54-55).) The officer requested that Wright produce his driver's license. (Id. Exs. (R. at 46).) While Wright was retrieving his driver's license, the officer observed a scale in the vehicle, which is commonly associated with drug use. (Id. Exs. (R. at 46).) The officer conducted a pat down and discovered marijuana in a plastic bag in Wright's pants pocket. (Id. Exs. (R. at 48).) Wright was arrested and charged with possession of marijuana with intent to distribute.

Further, S.C. Code Ann. § 56-5-2950, which addresses a driver's implied consent to testing for alcohol or drugs "if arrested for an offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of alcohol, drugs, or a combination of alcohol or drugs" is inapplicable. The statute does not provide that a field sobriety test must be given if there is a reasonable suspicion of alcohol consumption. Further, Wright was not charged with driving under the influence. Therefore, this objection is without merit.

Lastly, Wright objects that the outcome of his trial would have been different had his counsel objected to the chain of custody for the marijuana. (Objections 7-8.) The magistrate

judge recommends dismissing this claim as frivolous. (Report and Recommendation 12.) "[A] party offering into evidence fungible items such as drugs or blood samples must establish a complete chain of custody as far as practicable." State v. Sweet, 647 S.E.2d 202, 205 (S.C. 2007). However, each person in the chain of custody is not required to testify. State v. Hatcher, 681 S.E.2d 925, 927 (S.C. Ct. App. 2009). "Nevertheless, evidence is inadmissible under this rule when the offering party omitted a link in the chain of possession by failing to establish the identity of each custodian at least as far as practicable." Id.

Wright contends that the marijuana was weighed on an uncertified scale, "the second weighing of the evidence by the chemical analysis [sic] is not confirmed that she weight [sic] it on a certify scale," and the marijuana was not in its original condition. (Objections 7.) As the magistrate judge noted, this claim is without merit because the prosecution established a complete chain of custody through the testimony of all of the individuals who handled the marijuana. (Report and Recommendation 12; Resp't Mem. Supp. Summ. J. Exs. (Trial Tr., generally).) In addition, Wright's counsel testified that the defense position presented at trial was that the marijuana was for Wright's personal use, not for distribution. (Resp't Mem. Supp. Summ. J. Exs. (PCR Tr. at 20-21).) Wright did not challenge whether the substance was actually marijuana. Therefore, the chain of custody of the marijuana was not an issue at trial. After a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McCrorey's Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 20, is granted. It is further

**ORDERED** that a certificate of appealability is denied because Wright has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 22, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.